UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIONNE JORDAN,

        Petitioner,

                                              CASE NO. 07-CV-12229
v.                                   HONORABLE DENISE PAGE HOOD

MARY BERGHUIS,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**I.**      **Introduction**

Michigan prisoner Dionne Jordan ("Petitioner") has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner challenges his convictions for first-degree home invasion and second-degree criminal sexual conduct which were imposed following a jury trial in the Oakland County Circuit Court in 2004. He was sentenced as a fourth habitual offender to consecutive terms of 7 ½ to 25 years imprisonment and 3 to 15 years imprisonment on those convictions.

In his pleadings, Petitioner raises claims concerning the jury instructions, the sufficiency of the evidence, prosecutorial misconduct, the effectiveness of trial counsel, cumulative error, and his sentence. Respondent has filed an answer to the petition contending that it should be denied. For the reasons stated herein, the Court denies the petition for writ of habeas corpus.

**II.**      **Facts and Procedural History**

Petitioner's convictions arise from an incident which occurred at an apartment building in

1

Farmington Hills, Michigan on August 6, 2003.  The Michigan Court of Appeals set forth the underlying facts of the crime, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> Defendant's convictions arise out of his entry into a neighbor's apartment. Defendant was high on drugs and did not want to return to his own apartment when his family was at home. Defendant knocked on the victim's door. The victim's daughter was unable to ascertain who was present at the door and opened it. The victim testified that defendant did not have her permission to enter. The victim also testified that defendant made inappropriate comments to her and touched her inappropriately. The victim called friends of hers to the apartment, and defendant was observed taking a roll of quarters. Because of defendant's erratic behavior and his failure to leave the apartment, police were called. Defendant acknowledged that he was high on drugs, but denied any intent to steal or any inappropriate contact.

*People v. Jordan*, No. 259436, 2006 WL 1451558, *1 (Mich. Ct. App. May 25, 2006) (unpublished).

At the close of trial, the jury convicted Petitioner of first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(c), illegal entry without the owner's permission, MICH. COMP. LAWS §750.115(a), and assault and battery, MICH. COMP. LAWS . § 750.31.  The illegal entry and assault convictions were "rescinded" by the prosecutor before sentencing.  The trial court then sentenced Petitioner as a fourth habitual offender to 7 ½ to 25 years imprisonment on the first-degree home invasion conviction and a consecutive term of 3 to 15 years imprisonment on the second-degree criminal sexual conduct conviction.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same claims presented on habeas review.  The Michigan Court of Appeals affirmed his convictions and sentences.  *People v. Jordan*, No. 259436, 2006 WL 1451558 (Mich. Ct. App. May 25, 2006) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *See People v. Jordan*, 477 Mich. 1004, 726

N.W.2d 42 (2007).

Petitioner thereafter filed the present habeas petition raising the following claims as grounds for relief:

I.      He was denied due process of law and a fair trial when the jury was instructed that they only had to find an intent to commit a crime once he entered the premises without permission to be guilty of home invasion in the first degree and failed to identify and define the predicate crimes.

II.     He was denied due process of law when the jury was instructed on an alternative form of home invasion allowing for conviction of a crime for which he was not charged and the circuit court lacked jurisdiction over.

III.    He was denied due process of law under the federal and state constitution because there was insufficient evidence at trial that he entered without permission to support a conviction for first degree home invasion.

IV.     He was denied due process and a fair trial when the court failed to clarify for the jury that permission to enter the dwelling could be implied.

V.      He was deprived of his constitutional right and to a unanimous jury verdict when the trial court failed to instruct the jury that they had to unanimously agree as to which acts constituted home invasion in the first degree.

VI.     It was reversible error for the trial court to fail to sua sponte instruct the jury on the limited use of other bad acts allegedly committed by Petitioner.

VII.    He was denied a fair trial when the prosecutor engaged in misconduct by (A) arguing matters not in evidence; and (B) misleading the jury regarding the law on criminal sexual conduct.

VIII.   He was denied his right to effective assistance of counsel when his attorney (A) failed to object to erroneous jury instructions; (B) failed to object to the prosecutor's misconduct; and (C) failed to object to evidence of other criminal activity of Petitioner and then failed to request a cautionary instruction.

IX.     The cumulative effect of the errors deprived him of a fair trial under the state and federal constitutions.

X.      The consecutive sentence imposed is invalid.

3

Respondent, through the Michigan Attorney General's Office, has filed an answer to the petition contending that it should be denied because the claims have been waived, are procedurally defaulted, are not cognizable on habeas review, and/or lack merit.

### III.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the

4

Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (emphasis in original); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002).

Lastly, §2254(e)(1) requires that this Court presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).


**IV.    Analysis**

5

**A.    Procedural Default**

As an initial matter, Respondent contends that Petitioner's jury instruction and prosecutorial misconduct claims are waived and/or barred by procedural default because Petitioner failed to object to such matters at trial.  Federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules.  *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). A petitioner's procedural default in the state courts will preclude federal habeas review if the last state court rendering a judgment in the case rested its judgment on the procedural default. *Wainwright*, 433 U.S. at 85; *Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001); *see also Harris v. Reed*, 489 U.S. 255, 263-64 (1989).  The last *explained* state court judgment should be used to make this determination.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).

The United States Court of Appeals for the Sixth Circuit employs a four-part test to determine whether a state procedural default bars federal habeas review.  The inquiry is whether:

> (1) a state procedural rule exists that applies to the petitioner's claim, (2) the petitioner failed to comply with the rule, (3) the state court actually applied the state rule in rejecting the petitioner's claim, and (4) the state procedural rule is an adequate and independent ground upon which the state can rely to deny relief.

*Frazier v. Huffman*, 343 F.3d 780, 790 (6th Cir. 2003) (citing *Reynolds v. Berry*, 146 F.3d 345, 347 (6th Cir. 1998)).  All four parts of the test are met here.  The Michigan Court of Appeals rendered the last reasoned opinion on these issues.  In dismissing the claims, the court relied upon Petitioner's acceptance of the jury instructions, his failure to request further instructions, and his failure to object to the prosecutor's conduct at trial.  *See Jordan*, 2006 WL 1451558 at *1-4.  The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors.  *See People v. Carines*, 460 Mich.

6

750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *See Girts v. Yanai*, 501 F.3d 743, 755 (6th Cir. 2007); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). The Michigan Court of Appeals denied these claims based upon a procedural default – the failure to object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. A petitioner must present a substantial reason to excuse the default. *See Amadeo v. Zant*, 486 U.S. 214, 223 (1988); *Rust*, 17 F.3d at 161. Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available. *See McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991). Petitioner alleges ineffective assistance of counsel as cause to excuse his default. Petitioner, however, cannot establish that counsel erred or that he was prejudiced as his jury instruction and prosecutorial misconduct claims

7

lack merit.  *See* discussion *infra*.  Petitioner has failed to establish cause or prejudice to excuse his procedural default.

Petitioner has also not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent.  *See Schlup v. Delo,* 513 U.S. 298, 326-27 (1995).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).  "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  *Schlup*, 513 U.S. at 324.  Petitioner has made no such showing. His jury instruction and prosecutorial misconduct claims are thus barred by procedural default. However, even if Petitioner's claims were not procedurally defaulted, Petitioner would not be entitled to habeas relief as these claims lack merit as discussed below.

### B.    Jury Instruction Claims

Petitioner raises multiple challenges to the trial court's jury instructions in his petition. Specifically, he claims that the trial court:  (1) erred in instructing the jury on the home invasion charge by telling them they had to find an intent to commit a crime without defining the predicate crimes, (2) erred in instructing the jury on the home invasion charge by providing an alternate theory for conviction for which he was not charged, (3) failed to clarify for the jury whether permission to enter the home could be implied, (4) failed to give the jury a unanimity instruction, and (5) failed to instruct the jury on the limited use of other acts evidence.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a

8

petitioner must show more than that the instructions are undesirable, erroneous or universally condemned.  Rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair.  *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).  If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury has applied the instruction improperly.  *See Binder v. Stegall*, 198 F.3d 177, 179 (6th Cir. 1999).  A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial court record.  *See Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996).

Additionally, the failure to give an instruction that is supported by the evidence does not automatically entitle a petitioner to habeas relief; the failure to instruct must have rendered the petitioner's trial fundamentally unfair.  *See Maes v. Thomas*, 46 F.3d 979, 984-85 (10th Cir. 1995); *Nickerson v. Lee*, 971 F.2d 1125, 1137 (4th Cir. 1995).  A failure to instruct does not deprive a petitioner of fundamental fairness when the instructions as a whole adequately present the defense theory to the jury.  *See Duckett v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1995).  "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."  *Henderson*, 431 U.S. at 155.  State law instructional errors rarely form the basis for federal habeas corpus relief.  *Estelle*, 502 U.S. at 71-72.

Petitioner first asserts that the trial court erred in instructing the jury on the home invasion charge by combining two proscribed forms of conduct and by failing to define the predicate crimes.  The trial court instructed the jury on the home invasion charge as follows:

> As to count one, Mr. Jordan is charged with home invasion in the first degree. To prove this, the prosecutor must prove each of these elements beyond a reasonable doubt. And there are three.

> First, that Mr. Jordan entered a dwelling without permission. It does not matter whether he got his entire body inside or not. If he put any part of his body into the dwelling without permission that is sufficient to constitute an entry.
>
> Two, that when Mr Jordan entered, was present in or was leaving the dwelling he committed and/or intended to commit the offense of criminal sexual conduct, a felony and/or larceny and/or an assault.
>
> Three, that when he entered, was present in or was leaving the dwelling of another person defendant was lawfully present, excuse me. Was leaving the dwelling another person was lawfully present in the dwelling.
>
> Home invasion requires proof of a specific intent. That means the prosecutor must prove not only that Mr Jordan did the act, but that he did the act with the intent to cause a particular result. For this that means that the prosecutor must satisfy you beyond a reasonable doubt that Mr Jordan intended to commit the criminal sexual conduct and/or larceny and/or an assault. Intent may be proved by what was said, by what was done or any other facts and circumstances in evidence.

Trial Tr., pp. 264-65. The court then went on to instruct the jury on the elements of the other charged offenses – including larceny in a building, second-degree criminal sexual conduct, and assault. *Id*. at 265-68.

On direct appeal, the Michigan Court of Appeals found that Petitioner waived this issue by accepting the jury instructions as given. The court also found that he failed to establish plain error warranting reversal, reasoning as follows:

> [T]he jury was not misled by the instruction. It convicted defendant of actually committing a second-degree criminal sexual conduct and an assault, both of which occurred while he was present in the apartment. It is clear from the jury's verdict that the jury did not convict defendant of first-degree home invasion on the basis of a finding that he only intended to commit the specified crimes.

*Jordan*, 2006 WL 1451558 at *1, n. 2.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Michigan's first-degree home invasion statute provides:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny,

10

or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

(a) The person is armed with a dangerous weapon.
(b) Another person is lawfully present in the dwelling.

MICH. COMP. LAWS § 750.110a(2).  The trial court's instructions sufficiently advised the jury of the elements necessary to support a conviction for first-degree home invasion.  The jury was informed that the prosecution was required to prove:  (1) that Petitioner entered the dwelling without permission, (2) that he committed and/or intended to commit a felony, larceny, and/or assault while entering, present in, or leaving the dwelling, and (3) that another person was present in the dwelling at the time of the offense.  While the trial court's instructions could have conceivably been worded more clearly, the Court cannot say that those instructions were erroneous, misleading, or prejudicial to the defense.  The jury was advised of the elements, including the specific intent necessary to support a conviction.  Additionally, contrary to Petitioner's assertion, the record reveals that the trial court instructed the jury on the predicate offenses of a felony (second-degree and fourth-degree criminal sexual conduct), larceny, and assault.  Furthermore, the verdict indicates that the jury convicted Petitioner of first-degree home invasion based upon a finding that he committed second-degree criminal sexual conduct and assault while in the victim's home without her permission.  Petitioner has failed to establish that the trial court's instructions rendered his trial fundamentally unfair.  Habeas relief is not warranted on this claim.

Petitioner relatedly asserts that the trial court erred in instructing the jury on the home invasion charge by providing an alternate theory for conviction for which he was not charged.

11

Namely, he contends that he was bound over for trial solely on the theory that he entered without

permission and committed a felony, larceny, or assault while present, but the trial court instructed

the jury on that theory as well as the theory that he entered without permission with the intent to

commit those crimes.

The Michigan Court of Appeals again found that Petitioner waived this issue by accepting

the trial court's instructions.  The court further concluded that Petitioner failed to show that he was

prejudiced by the alleged error, explaining as follows:

> Defendant cannot demonstrate that he was prejudiced by the instruction....The jury
> determined that defendant committed both an act of second-degree criminal sexual
> conduct and an assault against the victim while in her apartment. Thus, there is no
> doubt that defendant's conviction for first-degree home invasion was based on the
> theory for which he was bound over for trial. Defendant cannot meet his burden of
> persuading this Court that the alleged erroneous instruction affected the outcome of
> his trial.

*Jordan*, 2006 WL 1451558 at *1 (citation omitted).

This decision is neither contrary to Supreme Court precedent nor an unreasonable

application thereof.  A criminal defendant has a constitutional right to be informed of the nature of

the accusations against him.  *See Lucas v. O'Dea*, 179 F.3d 412, 417 (6th Cir. 1999).  Notice and

opportunity to defend against criminal charges as guaranteed by the Sixth Amendment to the

United States Constitution are an integral part of the due process protected by the Fourteenth

Amendment and apply to state prosecutions.  *See Cole v. Arkansas,* 333 U.S. 196, 201 (1948); *In

Re Oliver,* 333 U.S. 257, 273 (1948).  A complaint or indictment need not be perfect under state

law so long as it informs the defendant of the crime in sufficient detail so as to enable him to

prepare a defense.  An indictment "which fairly but imperfectly informs the accused of the offense

for which he is to be tried does not give rise to a constitutional issue cognizable in habeas

12

proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986); *see also Dell v. Straub,* 194 F. Supp. 2d 629, 653-54 (E.D. Mich. 2002). "[A] charge is sufficiently specific when it contains the elements of the crime, permits the accused to plead and prepare a defense, and allows the disposition to be used as a bar in a subsequent prosecution." *Skinner v. McClemore*, 551 F. Supp.2d 627, 650 (E.D. Mich. 2008) (adopting magistrate judge's report and recommendation, citing *Fawcett v. Bablitch*, 962 F.2d 617, 618 (7th Cir. 1992), and denying habeas petitioner relief on similar issue).

In this case, the trial court instructed the jury on the elements of the home invasion charge, including the alternate theories for conviction. Those instructions did not "effectively alter the substance of the [information]." *Martin v. Kassulke*, 970 F.2d 1539, 1543 (6th Cir. 1992). A charging document need not give "notice of the exact method by which the criminal actions were alleged to have been committed." *Id.* The difference between the "intent to commit" and "actually committed" theories for first-degree home invasion is the timing for the formation of the requisite specific intent. Petitioner's defense was that he had permission to enter the dwelling and did not commit the charged offenses. He had adequate notice of the charges against him and the jury instructions did not impair his defense. Moreover, the verdict indicates that the jury convicted Petitioner of first-degree home invasion based upon a finding that he actually committed second-degree criminal sexual conduct and assault while in the victim's home, not that he merely entered her home with the intent to do so. Petitioner has thus failed to demonstrate that he was prejudiced by the trial court's jury instructions or that they rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

Petitioner also asserts that the trial court failed to clarify whether permission to enter the

13

home could be implied in response to the jury's questions during deliberations.  The Michigan

Court of Appeals set forth the relevant facts as follows:

> The trial court record demonstrates how the trial court handled jury questions during deliberation. Written questions were taken from the jury, answered on paper when possible, and initialed by both attorneys and the court clerk. If the questions required a verbal answer, the jury was called to the courtroom and a record was made of the proceeding. At 3:30 p.m., on October 15, 2004, the jury sent a written note inquiring whether permission to enter could be implied or whether it needed to be specific. A reply was handwritten on the note and indicated that the jury should "read the instructions." This note is initialed by both attorneys. At 4:05 p.m., the jury sent a second written note and asked whether permission could be implied or if it had to be overt relative to entry of the dwelling. A handwritten reply informed the jury to "see instructions." This note is also initialed by both attorneys.

*Jordan*, 2006 WL 1451558 at *2.  The court then denied relief on this claim, finding that Petitioner

waived the issue because defense counsel approved of the trial court's actions.

Petitioner has failed to establish that the trial court's response to the jury's questions during

deliberations was inappropriate or denied him a fair trial.  In response to the jury's inquiry, the trial

court merely referred the jury to its previously-given instructions.  Those instructions adequately

informed the jury of the elements of the charged offenses and other relevant matters.  While the

jurors expressed some difficulty in reaching a verdict at one point during deliberations, they were

ultimately able to agree upon a verdict and affirmed that their decision was unanimous when polled.

Petitioner has failed to demonstrate that the trial court's instructions or response to the jury's

questions during deliberations were improper or rendered his trial fundamentally unfair.  Habeas

relief is not warranted on this claim.

Petitioner next asserts that the trial court erred in failing to specifically instruct the jury that

it had to unanimously agree whether he committed or intended to commit a felony, a larceny, or

an assault in order to convict him of first-degree home invasion.  The trial court gave the jury a

14

general unanimity instruction at the close of trial.  *See* Trial Tr., pp. 268-69.

In reviewing this claim for plain error, the Michigan Court of Appeals concluded that while a special unanimity instruction would have been appropriate under state law, reversal was not required because the verdict indicated that the jury's verdict was unanimous.  The court explained:

> The jury unanimously convicted defendant of second-degree criminal sexual conduct and assault as separate offenses, and it acquitted defendant of larceny. There is no reason to believe that the jurors disagreed about the factual basis of defendant's guilt for the crime of first-degree home invasion. In other words, it can be clearly deduced from the jury's verdicts that defendant was convicted of first-degree home invasion because the jury unanimously concluded that he committed both a felony and an assault while present in the victim's apartment. *See People v. Rand*, 397 Mich 638, 643; 247 NW2d 508 (1976) (a jury verdict is not void for uncertainty if the jury's intent can be clearly deduced by reference to the pleadings, the court's charge, and the entire record.) All of the crimes underlying the charge of first-degree home invasion were part of a continuous course of conduct, and defendant did not present separate defenses for either assault or criminal sexual conduct. Rather, he claimed that he did not inappropriately touch the victim during the incident. The jury clearly rejected this claim. On this record, the outcome of defendant's case was not affected by the trial court's failure to provide a specific unanimity instruction. Thus, reversal is not required.

*Jordan*, 2006 WL 1451558 at *3.

This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof.  While Michigan law provides a right to a unanimous verdict in criminal cases, there is no federal constitutional right to a unanimous verdict in criminal cases.  *See Apodaca v. Oregon*, 406 U.S. 404, 406 (1972) (state court conviction of crime by less than unanimous jury does not violate right to trial by jury specified by Sixth Amendment).  In *Schad v. Arizona*, 501 U.S. 624 (1991), the United States Supreme Court held that a conviction under an instruction that did not require the jury to unanimously agree upon one of the alternative theories of premeditated murder and felony murder did not constitute a denial of due process.  The Court explained that it had "never suggested that in returning general verdicts in such cases the jurors should be required

15

to agree upon a single means of commission." *Id.* at 631; *see also Griffin v. United States*, 502 U.S. 46, 56 (1991) (a general jury verdict is valid if sufficient evidence supports one of the grounds for conviction, so long as the other submitted grounds are neither illegal nor unconstitutional, but merely unsupported by the evidence); *Rogers v. Howes*, 64 Fed. Appx. 450, 454 (6th Cir. 2003) (citing *Schad* in ruling that a jury is not required to agree upon a theory of guilt).   Petitioner thus cannot demonstrate that any failure to give a special unanimity instruction ran afoul of clearly established Supreme Court precedent or rose to the level of a federal constitutional error. *See Reed v. Quarterman*, 504 F.3d 465, 479-82 (5th Cir. 2007).

Moreover, given that the jury convicted Petitioner of a felony (second-degree criminal sexual conduct) and an assault, but acquitted him of larceny, it is clear that the jury agreed on the basis for the first-degree home invasion conviction.   The failure to give a special unanimity instruction did not deprive Petitioner of a fundamentally fair trial, and was harmless error at best. *See United States v. Smith*, 239 Fed. Appx. 157, 161 (6th Cir. 2007); *Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000).   Habeas relief is not warranted on this claim.

Lastly, Petitioner asserts that the trial court erred in failing to sua sponte provide a limiting instruction regarding the consideration of his "prior bad acts" which occurred during his prior visit to the victim's residence.   The Michigan Court of Appeals denied relief on this claim finding that the trial court was not obligated to provide such an instruction and that Petitioner failed to show that he was prejudiced by the lack of an instruction. *See Jordan*, 2006 WL 1451558 at *4.   This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Under state law, the trial court was not obligated to provide a limiting instruction absent a request. *See* Mich. Comp. L. § 768.29; *People v. Chism*, 390 Mich. 104, 120-21, 211 N.W.2d 193, 200

(1973). Nor is there a federal constitutional right to a sua sponte instruction limiting the jury's consideration of "other acts" evidence. *See Frazier v. Mitchell*, 188 F. Supp. 2d 798, 811 (N.D. Ohio 2001), *rev'd in part on other grounds by Frazier v. Huffman*, 343 F.3d 780 (6th Cir. 2003). Under federal law, the decision whether to give a limiting instruction is discretionary with the trial court, *Murray v. Superintendent, Kentucky State Penitentiary*, 651 F.2d 451, 454 (6th Cir.1981), and is only required when the petitioner's substantial rights are affected. *United States v. Cooper*, 577 F.2d 1079, 1089 (6th Cir.1978). Such is not the care here given the evidence presented at trial.

Additionally, the Sixth Circuit has stated:

[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence.... While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997); *Huddleston v. United States*, 485 U.S. 681, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988), it has not explicitly addressed the issue in constitutional terms.

*Bugh v. Mitchell*, 329 F.3d 496, 512-13 (6th Cir. 2003). Because there is no Supreme Court decision holding that the admission of other acts evidence violates the Constitution, the state court's decision cannot be deemed "contrary to" Supreme Court precedent. Habeas relief is not warranted on this claim.

### C.    Prosecutorial Misconduct Claims

Petitioner next asserts that he is entitled to habeas relief because the prosecutor engaged in misconduct by arguing facts not in evidence and by misleading the jury about the law on criminal sexual conduct. The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a prosecutorial misconduct claim, a habeas petitioner must

17

demonstrate that the prosecutor's remarks or conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing cases). First, the court must determine whether the challenged statements were indeed improper. *Id*. at 452. Upon a finding of impropriety, the court must decide whether the statements were flagrant. *Id.* Flagrancy is determined by an examination of four factors: 1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused. *Id.*; *see also Broom v. Mitchell*, 441 F.3d 392, 412-13 (6th Cir. 2006) (citing cases). "[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (citations omitted).

Petitioner first asserts that the prosecutor argued facts not in evidence by stating that the victim and her daughter both testified that nobody answered when the daughter asked who was at their door. It is well-established that "[s]tatements by a prosecutor in closing argument are not proper if they bring to the attention of the jury facts not in evidence." *United States v. Emuegbunam*, 268 F.3d 377, 404 (6th Cir. 2001). On plain error review, the Michigan Court of Appeals denied relief on this claim, stating as follows:

18

In this case, the prosecutor argued that the victim and her daughter testified that nobody answered when the daughter asked who was at the door. We agree that the testimony at trial did not support this statement. The daughter testified that no one answered when she inquired who was at the door, but the victim testified only that her daughter could not understand the answer of the person at the door. Although the argument misstated the testimony, reversal is not required. A timely instruction could have cured any prejudice had one been requested.... Furthermore, the trial court instructed the jury both that the case had to be decided on the evidence and that the arguments of the attorneys were not evidence. Thus, any prejudice was effectively cured by the jury instructions.

*Jordan*, 2006 WL 1451558 at *4.

This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. While the prosecutor misstated the evidence, such an error was not so flagrant as to deprive Petitioner of a fair trial. The statement, while inaccurate, was not particularly prejudicial or misleading as to the charged offenses, was isolated in nature, and may have been inadvertent. Moreover, as noted by the Michigan Court of Appeals, any potential prejudice was cured by the trial court's instructions that the jury had to decide the case based upon the evidence presented at trial and that the attorneys' arguments were not evidence. Petitioner has not shown that the prosecutor's argument rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

Petitioner also asserts that the prosecutor misled the jury about the law when he stated that jury could convict Petitioner of second-degree criminal sexual conduct if the jury believed the victim's testimony that Petitioner attempted to touch her inner thigh. Petitioner claims that a conviction could not be based solely on his intent to commit criminal sexual conduct. It is well-settled that a prosecutor in a criminal case may not misstate the law. *See, e.g., Caldwell v. Mississippi*, 472 U.S. 320, 407 (1985).

The Michigan Court of Appeals found no plain error requiring reversal as to this claim,

19

stating in relevant part:

> The prosecutor made the argument when he was explaining the concept that the victim's testimony alone could support a finding of the elements of the charged crime. It was not made in the context of outlining the elements of second-degree criminal sexual conduct. Thus, there was no conscious intent by the prosecutor to mislead the jury on the elements of the crime. More importantly, the jury was properly instructed by the trial court about the elements of the charged criminal sexual conduct crimes, and it was instructed that it had to apply the law, as provided by the trial court, to the facts of the case. The jury was further instructed that the arguments of the attorneys were not evidence to be considered in determining whether the charged crimes were committed. Under the circumstances, defendant was not prejudiced by the prosecutor's argument.

*Jordan*, 2006 WL 1451558 at *4.

This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Any misstatement by the prosecutor about the law was isolated in nature, was inadvertent, and was not so flagrant as to deprive Petitioner of a fair trial. Moreover, any potential prejudice was cured by the trial court's criminal sexual conduct instructions which accurately set forth the law, *see Skinner v. McClemore*, 551 F. Supp. 2d 627, 645-46 (E.D. Mich. 2008), as well as the trial court's instructions that the jury had to follow the law as set forth by the court and that the attorneys' remarks were not evidence. Jurors are presumed to follow the court's instructions. *See United States v. Powell*, 469 U.S. 57, 66 (1984) ("Jurors . . . take an oath to follow the law as charged, and they are expected to follow it."). Lastly, the Court notes that the victim's testimony provided evidence that Petitioner actually touched her inappropriately while he was in her home. Given such circumstances, Petitioner has not shown that the prosecutor's remarks rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

### D.      Insufficient Evidence Claim

Petitioner also asserts that he is entitled to habeas relief because the prosecution presented

insufficient evidence to support his conviction for first-degree home invasion. Specifically, Petitioner claims that there was insufficient evidence that he entered the victim's apartment without permission. Respondent contends that this claim lacks merit.

In *Jackson v. Virginia*, 443 U.S. 307 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319. The court must view this standard through the framework of 28 U.S.C. § 2254(d). *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Further, the *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16. "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003) (citation omitted).

As discussed *supra*, Michigan's first-degree home invasion statute provides:

A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

(a) The person is armed with a dangerous weapon.
(b) Another person is lawfully present in the dwelling.

Mich. Comp. L. § 750.110a(2); *see also People v. Sands*, 261 Mich. App. 158, 162, 680 N.W.2d 500 (2004).

Applying the *Jackson* standard, the Michigan Court of Appeals determined that the prosecution presented sufficient evidence to support Petitioner's first-degree home invasion conviction.  The court explained:

> The victim testified that she told her daughter to open the door to see who was there. When the door was opened, defendant "just came walking in." He was not given permission to enter the apartment, was not invited in, and was not given any type of signal that he may enter. This testimony alone was sufficient, if believed, to support that defendant entered without permission. *Id*. However, this testimony did not stand alone. The victim's daughter testified that when she opened the door, defendant entered without saying anything. She did not invite him into the apartment and did not know who he was. She also testified that when she opened the door, the victim did not call out any type of greeting to defendant. Regardless of defendant's testimony to the contrary, that he believed he was welcome to enter, the testimony offered at trial, when viewed in a light most favorable to the prosecution, clearly supported that defendant entered without permission.

*Jordan*, 2006 WL 1451558 at *2.

The Michigan Court of Appeals' decision is neither contrary to *Jackson* nor an unreasonable application of the law or the facts.  The testimony of the victim and her daughter both established that Petitioner entered their residence without permission on the day in question.  The testimony of a victim alone can be constitutionally sufficient to sustain a conviction.  *See Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases).  Given the trial testimony, particularly that of the victim and her daughter, a reasonable jury could find the elements of first-degree home invasion beyond a reasonable doubt.

Petitioner's insufficient evidence claim challenges the credibility and weight to be accorded the evidence presented at trial.  However, it is well-settled that "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326.  It is the job of the

22

fact-finder, not a federal habeas court, to resolve credibility conflicts.  *See Tucker*, 541 F.3d at 661;

*Martin*, 280 F.3d at 618; *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983).

Lastly, to the extent that Petitioner challenges the state court's construction or application

of state law, he is not entitled to relief. "A claim that the state court misunderstood the substantive

requirements of state law does not present a claim under § 2254. A federal court may not issue the

writ on the basis of a perceived error of state law." *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir.

2002). Given the testimony of the victim and her daughter, the Court finds that the state court's

decision that a rational trier of fact could find the essential elements of first-degree home invasion

beyond a reasonable doubt was reasonable.  Habeas relief is not warranted on this claim.

### E.    Ineffective Assistance of Counsel Claims

Petitioner also asserts that he is entitled to habeas relief because defense counsel was

ineffective for failing to object to the jury instructions, failed to object to the alleged prosecutorial

misconduct, and failed to object to the admission of other acts evidence or request a cautionary

instruction.  Respondent contends that these claims lack merit.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth

a two-pronged test for determining whether a habeas petitioner has received the ineffective

assistance of counsel.  First, a petitioner must  prove that counsel's performance was deficient.

This requires a showing that counsel made errors so serious that he or she was not functioning as

counsel as guaranteed by the Sixth Amendment.  466 U.S. at 687.  Second, the petitioner must

establish that the deficient performance prejudiced the defense.  Counsel's errors must have been

so serious that they deprived the petitioner of a fair trial or appeal.  *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside

23

the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Petitioner first asserts that counsel was ineffective for failing to object to the jury instructions and the alleged instances of prosecutorial misconduct. The Michigan Court of Appeals denied relief on this claim finding that Petitioner had failed to establish that, but for counsel's performance, there is a reasonable probability that the result of the proceeding would have been different. *See Jordan*, 2006 WL 1451558 at *5. This decision is neither contrary to *Strickland* nor an unreasonable application thereof. Given the Court's determination that the jury instruction and prosecutorial misconduct claims lack merit and do not warrant habeas relief, Petitioner cannot establish that trial counsel was deficient and/or that he was prejudiced by counsel's conduct.

Petitioner also asserts that counsel was ineffective for failing to object to the admission of other acts evidence regarding his prior visit to the victim's residence. The Michigan Court of

24

Appeals denied relief on this claim finding that counsel's conduct in this regard was a matter of trial strategy. The court explained:

> As a matter of trial strategy, defense counsel embraced the admission of the challenged evidence. The first incident was peripherally raised by the prosecutor during the direct examination of Annette Haworth. The tape of Annette's emergency telephone call was played for the jury, and Annette mentioned to the 911 operator that "this" had happened on another occasion. Not only did defense counsel fail to object, but he elicited explicit details about the first incident when conducting his cross-examination of Annette. Thereafter, both the prosecutor and defense counsel explored the issue with the victim and, later, the prosecutor questioned defendant about the earlier incident. In closing argument, defense counsel used the incident to segue into his argument that defendant thought he had permission to enter the victim's apartment on August 6, 2003. Defendant was in the victim's apartment on another occasion with permission, and she allowed him to use the telephone at that time. Given that the exploration of the issue of defendant's prior bad acts and the use of that evidence was a clear matter of trial strategy, we cannot conclude that defense counsel's failure to object to the evidence requires reversal. This Court will not second-guess counsel on matters of trial strategy.

*See Jordan*, 2006 WL 1451558 at *5.

This decision is neither contrary to *Strickland* nor an unreasonable application of the law or the facts. Decisions as to what evidence to present and whether to call certain witnesses are presumed to be a matter of trial strategy, and the failure to call witnesses or present other evidence constitutes ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *See Chegwidden v. Kapture*, 92 Fed. Appx. 309, 311 (6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002). When making strategic decisions, counsel's conduct must be reasonable. *See Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *see also Wiggins*, 539 U.S. at 522-23. Petitioner has not rebutted the presumption that counsel's conduct was reasonable and sound trial strategy. Trial counsel may have reasonably decided that the testimony regarding Petitioner's prior visit with the victim enhanced his claim that he entered the victim's residence with permission and/or that he did not intend to commit any of the charged offenses. The fact that

25

trial counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective. *See, e.g., Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (an ineffective assistance of counsel claim "cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken"). Petitioner has failed to show that trial counsel was ineffective under the circumstances. Habeas relief is therefore not warranted on this claim.

### G.      Cumulative Error Claim

Petitioner next asserts that he is entitled to habeas relief based upon the cumulative effect of the alleged trial errors. Respondent contends that this claim lacks merit. The Michigan Court of Appeals denied relief on this claim because it found "no errors of consequence, which cumulatively denied defendant a fair trial." *Jordan*, 2006 WL 1451558 at *6. This Court agrees. Petitioner cannot establish that habeas relief is warranted based upon cumulative error because he has failed to demonstrate any underlying constitutional violation. Furthermore, the United States Court of Appeals for the Sixth Circuit has noted that the Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002). Habeas relief is not warranted on this claim.

### H.      Sentencing Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because his consecutive sentences are improper. Respondent contends that this claim is not cognizable and/or lacks merit. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

The Michigan Court of Appeals denied relief on this claim, stating as follows:

"In Michigan, concurrent sentencing is the norm, and a court may impose consecutive sentences only if authorized by statute." *People v. St. John*, 230 Mich App 644, 646; 585 NW2d 849 (1998). MCL 750.110a(8) permits a trial court, in its discretion, to order a term of imprisonment for first-degree home invasion to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction. *Id*. We reject defendant's unsupported argument that he was not sentenced for first-degree home invasion but rather, was sentenced to his term of imprisonment for being an habitual offender. "The habitual-offender statute does not create a substantive offense that is separate from and independent of the principal charge." *People v. Oswald (After Remand)*, 188 Mich App 1, 12; 469 NW2d 306 (1991). Additionally, we reject defendant's argument that he was improperly sentenced because his second-degree criminal sexual conduct sentence was consecutive to his first-degree home invasion sentence. He argues that the plain language of MCL 750.110a(8) requires the home invasion sentence to be consecutive to the criminal sexual conduct sentence. This argument is based on a mistaken premise. The trial court did not order the first-degree home invasion sentence to be served before the criminal sexual conduct sentence. It ordered that the sentences be served consecutively to each other without prioritizing those sentences. This was appropriate, *id.*, and the Department of Corrections has apparently treated the second-degree criminal sexual conduct sentence as defendant's first sentence.

*Jordan*, 2006 WL 1451558 at *6.

This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. First, to the extent that Petitioner asserts that his sentence is improper or disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). Federal habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). State courts are the final arbiters of state law and federal courts will not intervene in such matters. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).

Second, Petitioner is not entitled to relief on any claim that his sentence constitutes cruel

27

and unusual punishment under the Eighth Amendment.  The United States Constitution does not require strict proportionality between a crime and its punishment.  *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000).  "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment."  *Marks*, 209 F.3d at 583.  A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'"  *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).  "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole."  *Thomas*, 49 F.3d at 261.  Petitioner was sentenced as a fourth habitual offender to 7 ½ to 25 years imprisonment on his first-degree home invasion conviction and a consecutive term of 3 to 15 years imprisonment on his second-degree criminal sexual conduct conviction.  Those sentences are within the statutory maximums.  *See* Mich. Comp. L. §§ 750.110a, 750.520c, 769.12.  Furthermore, consecutive sentencing is authorized under state law.  *See* Mich. Comp. L. § 750.110a(8).  The trial court acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between his crimes and sentences so as to offend the Eighth Amendment.  Habeas relief is not warranted on this claim.

## V.      Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.  Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

28

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  June 23, 2009

I hereby certify that a copy of the foregoing document was served upon Dionne Jordan, Reg. No. 192254, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444 and counsel of record on June 23, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager